J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

DANE ANDERSON    9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>HELICOPTER CONSULTANTS OF MAUI, LLC, a Hawaii Limited Liability Company, dba BLUE HAWAIIAN HELICOPTERS; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>　　　　　　Defendants.<br>_____ | ) CIVIL NO. 16-00545<br>) (Copyright Infringement)<br>)<br>) COMPLAINT FOR COPYRIGHT<br>) INFRINGEMENTS AND DIGITAL<br>) MILLENNIUM COPYRIGHT ACT<br>) VIOLATIONS; EXHIBITS "A"-"D"<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for their complaint allege as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant HELICOPTER CONSULTANTS OF MAUI, LLC ("HCM") is a Hawaii limited liability company, with its principal place of business in Kahului, Maui and is doing business in the State of Hawaii as BLUE HAWAIIAN HELICOPTERS.

4. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR (collectively referred to as "Plaintiffs")

2

except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through *inter alia*, interview of Plaintiffs and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## **JURISDICTION AND VENUE**

5.      This is an action for preliminary and permanent injunctive relief and damages arising from HCM's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

8. HCM operates a helicopter tour company and manages and controls a commercial website, at http://www.bluehawaiian.com, where customers can view information on HCM's business, book tours, or click on hyperlink icons to be directly routed to its social media commercial web pages on Pinterest.com and Facebook.com described in paragraphs 9 and 10.

9. HCM manages and controls a commercial web page on Pinterest.com, at https://www.pinterest.com/thebluehawaiian/, entitled "Blue Hawaiian Helicopters," to advertise and promote its business and to encourage users of that Pinterest.com commercial web page to navigate to its commercial website, or click on provided hyperlinks to be directly routed to its commercial website, described in paragraph 8.

10. HCM manages and controls a commercial web page on Facebook.com, at https://www.facebook.com/BlueHawaiianHelicopters, entitled "Blue Hawaiian Helicopters," to advertise and promote its business and to encourage users of that Facebook.com commercial web page to navigate to its

commercial website, or click on provided hyperlinks to be directly routed to its commercial website, described in paragraph 8.

11. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

12. Three (3) photographic works, image nos.: "M-18 Turquoise lagoon"; "K-06-B Wailua Falls Rainbow"; and, "O-01 Waikiki-Pink boat ORIGINAL VERSION", at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as 1) <u>VA 1-696-555</u>, effective December 17, 2009, and supplemented by form <u>VA 1-432-741</u>, effective June 20, 2011; and, 2) <u>VA 1-759-562</u>, effective January 29, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who holds the exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit "A."

13. One (1) photographic work, image no.: "Venice Falls, Maui-1", at issue in this case was created by photographer Plaintiff VINCENT SCOTT

5

TYLOR, who owns the copyright to that work.  The copyright for that photographic work at issue was registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011, in the name of Plaintiff VINCENT SCOTT TYLOR, who holds the exclusive rights and privileges in that photographic work under the United States Copyright Act.  A true and correct copy of the Certificate of Registration that relates to that photographic work at issue is attached hereto as Exhibit "B."

14. None of the said photographic works was a "work for hire."

15. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works for commercial and other uses.

16. Plaintiff VINCENT KHOURY TYLOR discovered that three (3) of his photographic works at issue were being used by HCM at least thirteen (13) separate times in high resolution for its commercial purposes on its Pinterest.com and/or Facebook.com commercial web pages, described in paragraphs 9 and 10, as follows:

Image "**M-18 Turquoise lagoon**" was used at:

*Page URLs:*
https://www.facebook.com/BlueHawaiianHelicopters
https://www.facebook.com/BlueHawaiianHelicopters/photos?ref=page_internal
https://www.facebook.com/BlueHawaiianHelicopters/photos/?tab=album&album_id=452984991391882

https://www.facebook.com/BlueHawaiianHelicopters/photos/a.452984991391882.105795.204476879576029/669465806410465/?type=3&theater
https://www.facebook.com/BlueHawaiianHelicopters/photos?ref=page_internal
https://www.facebook.com/BlueHawaiianHelicopters/photos/?tab=album&album_id=390817100942005
https://www.facebook.com/BlueHawaiianHelicopters/photos/a.390817100942005.95513.204476879576029/669910506365995/?type=3&theater

*Image URLs:*
https://scontent-lax3-1.xx.fbcdn.net/hphotos-xaf1/v/t1.0-9/1375299_669465806410465_21301175 30_n.jpg?oh=01405c7f0cfb58574d0cea80b9378226&oe=57AFC0E6 (960 x 720 pixels)
https://scontent-lax3-1.xx.fbcdn.net/v/t1.0-9/536812_669910506365995_1863924442_n.jpg?oh=aeb2adb1f7abbf06fc1d5cd814a34396&oe=57B10576  (960 x 720 pixels)

Image **"K-06-B Wailua Falls Rainbow"** was used at:

*Page URLs:*
http://www.pinterest.com/thebluehawaiian/pins/
http://www.pinterest.com/thebluehawaiian/bluehawaiiansfavoritepinterestpins/
http://www.pinterest.com/pin/414190496953373618/

Image **"O-01 Waikiki-Pink boat ORIGINAL VERSION"** was used at:

*Page URLs:*
http://www.pinterest.com/thebluehawaiian/pins/
http://www.pinterest.com/thebluehawaiian/bluehawaiiansfavoritepinterestpins/
http://www.pinterest.com/pin/414190496950391817/

HCM used these photographic works without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*  A true and correct copy of each of these photographic works registered by Plaintiff VINCENT KHOURY TYLOR along

7

with copies of screenshots of these infringing uses are attached hereto as Exhibit "C."

17. Plaintiff VINCENT SCOTT TYLOR discovered his one (1) photographic work at issue was being used by HCM at least three (3) separate times in high resolution on its Pinterest.com commercial web page, described in paragraph 9, as follows:

Image "**Venice Falls, Maui-1**" was used at:

*Page URLs:*
http://www.pinterest.com/thebluehawaiian/pins/
http://www.pinterest.com/thebluehawaiian/bluehawaiiansfavoritepinterestpins/
http://www.pinterest.com/pin/414190496950564469/

HCM used this photographic work without obtaining licenses or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.* A true and correct copy of this photographic work registered by Plaintiff VINCENT SCOTT TYLOR along with a copy of a screenshot of an infringing use are attached hereto as Exhibit "D".

18. Plaintiff VINCENT KHOURY TYLOR's photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

19. Upon information and belief, HCM intentionally removed or

altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from at least one (1) of his photographic works at issue, image no. M-18 Turquoise lagoon, for the said uses of that photographic work without his authority or the authority of the law, and/or distributed his photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered without his authority or the law, knowing that it did not own those photographic works.  True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information along with copies of screenshots of the infringing uses with his copyright management information cropped are shown in Exhibit "C".

      20.    HCM's infringing uses of three (3) of the photographic works at issue on its Pinterest.com commercial web pages, described herein, have contributed to widespread distribution of those infringing uses, including uses with Plaintiff VINCENT KHOURY TYLOR's copyright management information removed.  Copies of the uses at issue, when posted, were automatically distributed to "followers" for viewing and further distribution by those followers.  HCM's Pinterest.com commercial web page, described in paragraph 9, has over 260 "Followers" to date.  Furthermore, any user could easily distribute those infringements among other users by clicking on the "Pin it" button or "Like"

9

button associated with those uses as they appeared on HCM's Pinterest.com commercial web page, or users could distribute those infringements among the millions of users of other social media websites by clicking on a share or send button associated with those uses. Each "Pin it" or "Like" or "share" click by a user caused those infringements to be distributed to other users or promoted HCM's Blue Hawaiian Helicopters business or HCM's Pinterest.com commercial web page to others.

21. HCM's uses of one (1) photographic work at issue on its Facebook.com commercial web page, described herein, have contributed to widespread distribution of that photographic work, absent Plaintiff VINCENT KHOURY TYLOR's copyright management information, because users who viewed that Facebook.com commercial web page could easily distribute the posting of that photographic work among other Facebook.com users or promote HCM's Blue Hawaiian Helicopters business by clicking on the "Like" button or "Share" button associated with that photographic work as it appeared on HCM's Facebook.com commercial web page. Each "Like" or "Share" action by a user caused that infringement to be distributed to other users or promoted HCM's Facebook.com commercial web page or its Blue Hawaiian Helicopters business to others. HCM's Facebook.com commercial web page has received more than 14,000 "likes" to date.

22. Plaintiffs and HCM were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

23. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-22 as if fully stated herein.

24. Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works at issue as holders of the copyrights, the use of which has not been licensed to HCM.

25. HCM misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to HCM; HCM thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using three (3) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least thirteen (13) separate times and by using one (1) of Plaintiff VINCENT SCOTT TYLOR's photographic works at least three (3) separate times on its commercial web pages for its commercial purposes as described herein. HCM's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, for which it is directly, contributorily, and/or vicariously liable, jointly, severally, or in the alternative.

26. HCM's unlawful use of copies of Plaintiffs' original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

27. HCM's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

28. Because HCM used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

29. As a direct and proximate result of HCM's wrongful acts, Plaintiffs have suffered lost profits and damages.

30. Plaintiffs are entitled to recover from HCM the damages they have sustained as a result of these wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of HCM's acts of copyright infringement.

31. Plaintiffs are further entitled to recover from HCM any gains, profits, or advantages HCM obtained as a result of its wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages HCM has realized by its acts of copyright infringement.

32. Plaintiffs are entitled to elect to recover from HCM statutory damages for each of its violations of Plaintiffs' copyrights.

33. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

34. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-33 as if fully stated herein.

35. HCM intentionally removed or altered copyright management information from at least one (1) of Plaintiff VINCENT KHOURY TYLOR's three (3) photographic works at issue for HCM's said uses, or distributed his photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, without the authority of Plaintiff VINCENT KHOURY TYLOR or the law, knowing, or having reasonable grounds to know, that the removal or alteration, or distribution, would induce, enable, facilitate, or conceal infringement of copyright.

These acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which HCM is liable jointly, severally, or in the alternative.

36.   Plaintiff VINCENT KHOURY TYLOR is entitled to recover from HCM the actual damages suffered by him and any profits HCM obtained as a result of its wrongful acts that are not taken into account in computing the actual damages.  Plaintiff VINCENT KHOURY TYLOR is currently unable to ascertain the full extent of the profits HCM has realized by the violations of 17 U.S.C. § 1202.

37.   Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from HCM statutory damages for each of the violations of 17 U.S.C. § 1202.

38.   Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A.   That this Court enter an injunction preliminarily and permanently enjoining and restraining HCM and its directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert

or participation with HCM from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

  B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

  C. That HCM be required to pay such damages as Plaintiffs have sustained and any profits HCM has gained in consequence of HCM's unlawful acts or, in the alternative, to pay statutory damages, pursuant to 17 U.S.C. § 504 and 17 U.S.C. § 1203(c);

  D. That HCM be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

  E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

  DATED: Honolulu, Hawaii, October 4, 2016.

        /s/ J. Stephen Street
        J. STEPHEN STREET
        DANE ANDERSON
        Attorneys for Plaintiffs
        VINCENT KHOURY TYLOR
        and VINCENT SCOTT TYLOR